Filed 10/25/23  P. v. West CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>JACKSON WEST,<br><br>        Defendant and Appellant. | A165170<br><br>(San Mateo County Super. Ct. No. 21-NF-006825-A) |

Jackson West set one car on fire and vandalized a second car, and the prosecution charged him with several felonies, including arson. After the trial court denied his request for mental health diversion, he pled no contest to arson and admitted the offense would be designated a strike; the trial court dismissed the remaining charges and placed him on probation.

West appealed. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no issues and requesting an independent review of the record. West filed a supplemental brief. We have reviewed the record pursuant to *Wende* and evaluated the assertions in West's supplemental brief. We conclude there are no arguable issues and affirm.

1

## Factual and Procedural Background

In July 2021, the prosecution charged West with felony arson, burglary of a motor vehicle, two counts of felony vandalism, and misdemeanor resisting, delaying, or obstructing a peace officer.

In November 2021, West applied for mental health diversion pursuant to Penal Code section 1001.35 et seq.,[1] contending—among other things—that he suffered from major depressive disorder. At an unreported hearing, the trial court found him eligible for diversion and scheduled a December 2021 suitability hearing. The suitability hearing was continued three times; it finally took place on February 25, 2022.

At the suitability hearing, defense counsel informed the court that West—who had an outstanding arrest warrant in another county—could not obtain a referral to a treatment facility. Counsel asked the court to release West on his own recognizance so that he could resolve the warrant, obtain a referral to a treatment facility, and return to court to accept a grant of diversion. The prosecution opposed the diversion request on several grounds, among them that arson was a serious felony, and that West's proposed treatment plan was "wholly inadequate" because it failed to identify a treatment provider.

The trial court denied West's application for mental health diversion. As relevant here, the court found that West had failed to submit a concrete treatment plan or information indicating he would respond to treatment, and that given the nature of the offenses, he would be a danger to public safety if treated in the community. Thereafter, West pled no contest to arson and agreed the offense would be designated a strike (§ 1192.7, subd. (c)). The trial

---

[1] Undesignated statutory references are to this code.

court suspended imposition of sentence and placed him on probation with various conditions.

West filed a timely notice of appeal challenging the denial of mental health diversion.[2] Appointed counsel filed a *Wende* brief, and West filed a supplemental brief.

## Discussion

Pursuant to *Wende*, we have conducted an independent review of the record, and we have also evaluated the specific arguments raised in West's supplemental brief. We have found no arguable issues.

The trial court did not err in denying West's request for mental health diversion. (See *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1080 [diversion under § 1001.36 is discretionary, not mandatory, even if all requirements are met].) Substantial evidence supports the trial court's finding that West presented an unreasonable risk of danger to public safety. (See *People v. Pacheco* (2022) 75 Cal.App.5th 207, 213 [affirming denial of mental health diversion; no abuse of discretion in concluding defendant charged with arson posed an unreasonable risk of danger to public safety].)

In his supplemental brief, West makes two main assertions, neither of which presents an arguable issue. First, he contends the trial court should have continued the suitability hearing and released him from custody so that he could clear up the warrant and obtain a referral to a treatment facility. According to West, had the court granted a continuance, the "problems the

---

[2] We exercise our discretion to assess the appeal for arguable issues notwithstanding appointed counsel's failure to obtain a certificate of probable cause. (§ 1237.5.) While this appeal was pending, the Legislature amended section 1001.36. (See Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023.) We assume without deciding the amendments apply retroactively to West; we conclude the amendments do not furnish a basis for reversal.

court cited in denying [his] application could have been resolved." No abuse of discretion appears on this record. The record demonstrates West's suitability hearing had already been continued three times before February 25, 2022. The court was well within its discretion to deny the request for a continuance and to make the decision on the application for diversion that day. (*People v. Courts* (1985) 37 Cal.3d 784, 790.) Second, West states "[p]rocedural complications . . . prejudiced" his request for mental health diversion, and he suggests trial counsel's lack of experience with mental health diversion might warrant reconsideration of the trial court's ruling. These latter points find no support in the record and do not raise an arguable issue. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

## Disposition

The judgment is affirmed.

HIRAMOTO, J.*

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

*People v. West* (A165170)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4